**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JERRY R. UMFRESS**                                                                     **PLAINTIFF**

**V.**                               **CIVIL ACTION NO.**   1:22-CV-051-SA-RP

**AMERICAN GLASS COMPANY
AND JOHN AND JANE DOES I-X**                                    **DEFENDANT**

**COMPLAINT**

*(Jury Trial Demanded)*

COMES NOW, Plaintiff, Jerry R. Umfress, and files the following claims against American Glass Company and John and Jane Does I-X, for discrimination and retaliation based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans With Disabilities Act; and/or Title VII of the Civil Rights Act.

**JURISDICTION AND VENUE**

1. Jurisdiction for suits charging discrimination on the basis of age is vested in the Court by way of 29 U.S.C. §§621-634, et seq., and under 28 U.S.C. § 1331 because of the existence of a federal question.

2. Venue is properly fixed in this division and district as the violations of the Age Discrimination in Employment Act occurred in Columbus, Mississippi.

**PARTIES**

3. Plaintiff, Jerry Umfress, is an adult resident citizen of the State of Mississippi, who resides at 50009 Westville Drive, Aberdeen, Mississippi 39730.

4. At all times relevant, Defendant, American Glass Company, has continuously been a corporation of the State of Mississippi, doing business in the State of Mississippi, and has

continuously had at least 15 employees. Defendant, American Glass Company, maintains its place of business at 2206 Short Main Street, Columbus, Mississippi 39701. Defendant, American Glass Company, may be served with process by service upon its President, Jonathan D. Nuesch at 2206 Short Main Street, Columbus, Mississippi 39701.

## FACTS

5. Jerry Umfress had been employed by American Glass Company for 15 years until he was unlawfully terminated on or about August 29, 2020. Jerry was born in 1954.

6. Plaintiff was originally hired by John Neusch in or about August 19, 2005, as a Quality Control Manager at American Glass Company. However, once John Neusch passed away in a plane crash, his son, Jonathan Neusch, assumed the role of the President of American Glass Company.

7. Plaintiff was in the protected age category as defined by the ADEA, 29 U.S.C. §§ 621, et seq., and was discharged from his employment and replaced by a substantially younger male employee. At all times material, Plaintiff performed his job in a competent manner. But for his age, Plaintiff would not have been discharged.

8. Approximately two months prior to his termination, Plaintiff was called in the office by President of American Glass Company Jonathan Neusch. Mr. Neusch stated that since Jerry was over 65 and eligible for Medicare and Social Security benefits, that he should retire. Once Jerry showed no interest in retiring, Mr. Neusch then informed him that they were ending his employment in six (6) weeks.

9. Mr. Umfress had a good record of employment during his fifteen (15) years of employment with American Glass Company.

10. Also, about two months prior to Mr. Umfress' termination, Jonathan Neusch called Dwight Cumberland, a draftsman for American Glass Company and friend to Mr. Umfress, in the office to discuss Mr. Umfress. Mr. Neusch told Mr. Cumberland that Mr. Umfress was "getting old" and claimed that he couldn't handle his job anymore due to physical limitations.

11. Mr. Umfress was hired to run construction crews and coordinate with superintendents. It wasn't necessary for Mr. Umfress to perform manual labor. Mr. Umfress was very successful in his role as a quality control manager.

12. Mr. Umfress was willing to learn how to utilize the computers in the office; however, while Mr. Cumberland was helping Mr. Umfress with some things on the computer in his office, Karen Neusch became irritated and removed the computer from Mr. Umfress' office. And, while Mr. Umfress was not computer savvy, he could do basic things like send and receive emails and text messages. He was willing to learn more to the extent needed.

13. Plaintiff was discriminated against due to his age and fired in violation of the ADEA and seeks all damages available at law.

14. Additionally and/or alternatively, Plaintiff, while fully capable of performing the functions of his job, suffered from diabetes and his health was declining due to his age. His employer terminated him due to his age and his disability, or due to his perceived disability.

15. Additionally, the employer terminated him without engaging in the interactive process to accommodate his disability, or perceived disability. Mr. Umfress did not need accommodation; however, if American genuinely perceived him as suffering health problems to the extent he was allegedly unable to perform an essential element of his job, the company owed a duty to Mr. Umfress to work with him to resolve the issue, which the company did not do.

16. As such and in the alternative, Plaintiff was terminated in violation of the Americans With Disabilities Act and seeks all damages available under the law.

17. Plaintiff also seeks damages for Defendant's unlawful retaliation in terminating him for reporting violations of his federally protected rights.

## ADMINISTRATIVE PROCEDURE

18. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 11, 2020. On or about December 29, 2021, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission which informed him that the EEOC had completed action on the Charge and he had ninety days in which to file suit. This Complaint is being filed within the ninety (90) day period.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks all relief for discrimination and retaliation permitted under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., and/or the Americans with Disabilities Act, including but not limited to reinstatement to his employment, all back pay due and any front pay to be awarded, all applicable fringe benefits, costs, including reasonable attorney's fees, liquidated damages, emotional distress damages and punitive damages.

Respectfully submitted, this the 17th day of March, 2022.

Respectfully Submitted,

JERRY UMFRESS - PLAINTIFF


By: */s/ John F. Hawkins*
    John F. Hawkins

OF COUNSEL:

John F. Hawkins, Esquire (MSB #9556)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com